## CHRYSLER FIRST FINANCIAL SERVICES CORPORATION, et al., Appellants,

v.

## KIMBROUGH, CARSON & WOODS, Appellee.

### No. 01–90–01047–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 28, 1990.

Rigely & Appleberry, Miles H. Appleberry, San Antonio, for appellants.

Wilshire, Scott, Halbach & Dyer, Beverly Arleen Sandifer, Houston, for appellee.

Before SAM BASS, DUNN and MIRABAL, JJ.

## ORDER

PER CURIAM.

This appeal is from a judgment awarding appellees $1,411,500.00, plus postjudgment interest and the costs of suit. In an emergency motion to determine lien status, appellants ask us to find that the abstract of the judgment rendered against them does not constitute a lien on their real property. Their motion is accompanied by the affidavit of their counsel, who avers that the abstract of judgment has damaged appellants' business of real estate financing. Counsel also avers that the costs to appellants outweigh any benefits that appellee has gained by having a lien in place. Appellants have posted a supersedeas bond in the amount of the judgment against them.

 Section 52.0011 of the Texas Property Code states the conditions under which an abstract of judgment will not constitute a lien on a defendant's real property, pending appeal of judgment. The statute states, in pertinent part:

(a) A first or subsequent abstract of a judgment rendered by a court against a defendant ... does not constitute a lien on the real property of the defendant if:

(1) the defendant has posted security as provided by law ...; and

(2) the court finds that the creation of the lien would not substantially increase the degree to which a judgment creditor's recovery under the judgment would be secured when balanced against the costs to the defendant after the exhaustion of all appellate remedies....

TEX.PROP.CODE ANN. § 52.0011 (Vernon Supp.1990).

This statute authorizes "a court" that renders judgment to make a finding when "the court" determines the benefits a judgment lien provides a judgment creditor are outweighed by the costs to the judgment debtor. The plain language of the statute designates the court rendering judgment, not the appellate court, as the court empowered to make such a finding.

Under TEX.R.APP.P. 47(k), the trial court has continuing jurisdiction during the pendency of an appeal, even after the expiration of its plenary power, to make orders regarding the amount and the type of security to be afforded the judgment creditor. Section 52.0011 of the Property Code and rule 47(k) give the trial court the power to grant appellants the relief they seek from us.

We have no jurisdiction to make the fact finding that appellants ask us to make; accordingly, we deny their emergency motion to determine lien status.